# In the United States Court of Federal Claims

No. 16-259C
(Filed: November 7, 2016)

```
*****************************
HEALTH REPUBLIC INSURANCE     *
COMPANY,                      *
                              *    Motion for Leave to File an Amicus
              Plaintiff,      *    Curiae Brief by the United States House of
                              *    Representatives; "Exclusive and Plenary"
v.                            *    Authority of the United States Department
                              *    of Justice to Conduct Litigation in Which
THE UNITED STATES,            *    the United States Is a Party
                              *
              Defendant.      *
*****************************
```

Stephen Swedlow, Chicago, IL, for plaintiff.

Charles E. Canter, United States Department of Justice, Washington, DC, for defendant.

Thomas G. Hungar, United States House of Representatives, Washington, DC, for movant.

## OPINION AND ORDER

**SWEENEY**, Judge

The United States House of Representatives ("House") moves for leave to file an amicus curiae brief in the above-captioned case. As explained below, the court denies the House's motion.

## I. BACKGROUND

Plaintiff Health Republic Insurance Company filed suit in this court on February 24, 2016. In its complaint, plaintiff, for itself and on behalf of those similarly situated, alleges that the United States has not fully paid the risk corridor payments to which it and other insurers are entitled under the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010), and its implementing regulations. Subsequently, ten other insurers filed suit in this court to recover unpaid risk corridor payments.[1]

---

[1] See First Priority Life Ins. Co. v. United States, No. 16-587C (filed May 17, 2016); Moda Health Plan, Inc. v. United States, No. 16-649C (filed June 1, 2016); Blue Cross & Blue Shield of N.C. v. United States, No. 16-651C (filed June 2, 2016); Land of Lincoln Mut. Health

On June 24, 2016, defendant moved to dismiss the complaint in this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). In its motion, defendant contends that (1) plaintiff does not have a claim for presently due money damages, (2) plaintiff's claims are not ripe, and (3) the court lacks jurisdiction to award certain relief requested by plaintiff, including consequential damages, special damages, interest, declaratory relief, and injunctive relief. Plaintiff filed its response in opposition on August 15, 2016, and defendant filed its reply on September 9, 2016.

Approximately one month later, on October 5, 2016, plaintiff filed motions for class certification and for the appointment of interim class counsel. In an October 24, 2016 joint motion, the parties indicated that defendant did not object to the appointment of interim class counsel and requested that the deadlines for briefing the class certification motion be extended such that briefing would conclude in January 2017. The following day, the court granted plaintiff's motion to appoint interim class counsel and granted the parties' request to enlarge the briefing schedule for the class certification motion.

The House filed its motion for leave to file an amicus curiae brief, with a copy of the brief attached as an exhibit, on October 13, 2016. In its motion, the House represented that plaintiff did not consent to the filing of the amicus curiae brief and that defendant took no position on its request. Plaintiff filed its response in opposition on October 17, 2016. The House did not file a reply; its motion is therefore ripe for resolution.

## II. DISCUSSION

The RCFC, which largely mirror the Federal Rules of Civil Procedure, do not provide for the participation of amici curiae. Nevertheless, the court possesses the inherent authority to allow such participation, and has broad discretion to exercise that authority. Am. Satellite Co. v. United States, 22 Cl. Ct. 547, 549 (1991). When deciding whether to allow the participation of an amicus curiae, the court may consider a number of factors, including (1) "whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party," id.; (2) whether the parties consent to the participation of the amicus curiae, id.; (3) whether "one of the parties is not interested in or capable of fully presenting one side of the argument," id.; (4) whether "the court's decision would directly affect [the movant's] rights or would set a controlling precedent regarding a claim of [the movant]," Fluor Corp. & Affiliates v. United States, 35 Fed. Cl. 284, 285 (1996); and (5) whether

---

Ins. Co. v. United States, No. 16-744C (filed June 23, 2016); Me. Cmty. Health Options v. United States, No. 16-967C (filed Aug. 9, 2016); N.M. Health Connections v. United States, No. 16-1199C (filed Sept. 26, 2016); BCBSM, Inc. v. United States, No. 16-1253C (filed Oct. 3, 2016); Blue Cross of Idaho Health Serv., Inc. v. United States, No. 16-1384C (filed Oct. 24, 2016); Minuteman Health Inc. v. United States, No. 16-1418C (filed Oct. 27, 2016); Mont. Health Co-op v. United States, No. 16-1427C (filed Oct. 28, 2016).

participation by an amicus curiae would unnecessarily delay the litigation, id. at 286.  Accord Wolfchild v. United States, 62 Fed. Cl. 521, 536 (2004); see also Hage v. United States, 35 Fed. Cl. 737, 742 (1996) (allowing the participation of amici curiae who possessed "specialized knowledge" that could be "beneficial to the court in the resolution of [the] case").

The House requests leave to file an amicus curiae brief so that it can "inform this Court of clear grounds for dismissal of this action with prejudice."  Mot. 1.  It asserts that the United States Department of Justice ("DOJ") has moved to dismiss four of the later-filed cases for failure to state a claim upon which relief could be granted pursuant to RCFC 12(b)(6) on the ground that the plaintiffs in those cases do not have a right to receive "risk corridors payments in excess of program receipts."[2]  Id. at 2.  The House contends that the DOJ's arguments regarding the merits of those plaintiffs' claims are also applicable in this case, and faults the DOJ for not raising them in its motion to dismiss.  Accordingly, its seeks to apprise the court of these arguments and the supporting case law, and "urges" the court to apply the arguments in this case and dismiss plaintiff's claims with prejudice.  Id. at 3.

In addressing the factors that the court may consider when deciding whether to allow the participation of amici curiae, the House advances four arguments.  First, it contends that it "has a strong institutional interest in ensuring that federal statutes are defended in a manner consistent with Congressional intent, including the exercise of Congressional appropriations power."  Id. at 6.  Second, it avers that its "brief will alert the Court to compelling arguments mandating dismissal of this case–arguments that DOJ has raised in nearly identical cases."  Id. at 7.  Third, it asserts that its motion is timely because the DOJ–at the time the House filed its motion–had not responded to plaintiff's motions for class certification and for the appointment of interim class counsel, and therefore its brief would assist "the Court in its resolution of this litigation by allowing the Court to consider arguments that would obviate the need for protracted briefing on class certification issues."  Id. at 8.  Finally, it suggests that its status as a government entity should entitle it to file an amicus curiae brief despite plaintiff's refusal to consent to the filing, in consonance with Federal Rule of Appellate Procedure 29(a).[3]

In its response in opposition, plaintiff argues that the court should deny the House's motion because "the arguments the House attempts to offer in support of the Motion to Dismiss were not raised by the Government and cannot now be raised for the first time a month after the Motion to Dismiss is fully briefed."  Resp. 1.  Specifically, plaintiff argues that allowing the House to file its amicus curiae brief would "prejudice [plaintiff] by effectively allowing an

---

[2]  Those four cases are First Priority Life Insurance Co. v. United States, Moda Health Plan, Inc. v. United States, Blue Cross & Blue Shield of North Carolina v. United States, and Land of Lincoln Mutual Insurance Co. v. United States.

[3]  Federal Rule of Appellate Procedure 29(a) provides:  "The United States or its officer or agency or a state may file an amicus-curiae brief without the consent of the parties or leave of court."

entirely new motion into the record through an amicus brief." Id. at 2. Plaintiff further contends that each of the factors that the court may consider when deciding whether to allow the participation of amici curiae "weighs against granting the House's request," id., including the fact that the position of the United States is already being protected by the DOJ.

Plaintiff's arguments are persuasive. As previously noted by the United States Court of Claims, "there can be no dispute that, unless otherwise provided by law, the Attorney General is charged by statute with exclusive and plenary power to supervise and conduct all litigation to which the U.S. is a party." Hughes Aircraft Co. v. United States, 534 F.2d 889, 901 (Ct. Cl. 1976) (citing 28 U.S.C. § 516-520 (1970)); accord 28 U.S.C. § 516 (2012) ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."); id. § 518(a) ("Except when the Attorney General in a particular case directs otherwise, the Attorney General and the Solicitor General shall conduct and argue . . . suits in the United States Court of Federal Claims . . . ."); id. § 519 ("Except as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party . . . ."); Favell v. United States, 27 Fed. Cl. 724, 750 (1992) ("Courts have consistently upheld the basic principle that the Attorney General is given power over, and general supervision of, all litigation to which the United States or an agency thereof is a party."). In exercise of this authority, the DOJ moved to dismiss plaintiff's claims for lack of jurisdiction pursuant to RCFC 12(b)(1), and not for failure to state a claim upon which relief could be granted pursuant to RCFC 12(b)(6). The DOJ has "exclusive and plenary" control over the United States' defense of this litigation, foreclosing the ability of another government entity from acting on the United States' behalf. Thus, the House cannot separately assert a ground for dismissing plaintiff's complaint that was not raised by the DOJ, especially under the auspices of an amicus curiae brief. Cf. Amoco Oil Co. v. United States, 234 F.3d 1374, 1378 (Fed. Cir. 2000) ("But an appellant and an amicus may not split up the issues and expect the court to consider that they have all been raised on appeal. It is the appellant's case, not a joint appeal by the appellant and amicus. Appellant must raise in its opening brief all the issues it wishes the court to address."); Land of Lincoln Mut. Health Ins. Co. v. United States, No. 16-744C, 2016 WL 5900196, at *1 (Fed. Cl. Oct. 7, 2016) (unpublished order) (denying a motion for leave to file an amicus curiae brief that "notably addresse[d] at some length an implied contract theory that [was not] posed by plaintiff"); Am. Satellite Co., 22 Cl. Ct. at 548 (denying a motion for leave to file an amicus curiae brief that "focus[ed] on 'legal and factual issues not now being addressed by the parties'").

### III. CONCLUSION

Because the sole purpose of the House's proposed amicus curiae brief is to urge a ground for dismissing plaintiff's complaint that was not raised by the DOJ in its motion to dismiss, improperly intruding on the DOJ's "exclusive and plenary" authority to litigate the case on the

United States' behalf, the court **DENIES** the House's motion for leave to file an amicus curiae brief.

    **IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge
