IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 16-259C |
| v. | ) ) | Judge Sweeney |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States hereby advises the Court of a recent decision by Judge Lettow that is pertinent to the United States' pending Motion to Dismiss, Docket No. 8. *See Land of Lincoln Mutual Health Insurance Co. v. United States ("Land of Lincoln")*, No. 16-744C, 2016 WL 6651428 (Fed. Cl. Nov. 10, 2016) (Lettow, J.), *appeal docketed*, No. 17-1224 (Fed. Cir.). In that case, plaintiff, like Health Republic, had asserted claims for money damages under section 1342 of the Affordable Care Act, 42 U.S.C. § 18042, and its implementing regulation, 45 C.F.R. § 153.510, alleging that HHS had an obligation to make full, annual risk corridors payments for benefit years 2014 and 2015. *See Land of Lincoln Mutual Health Insurance Co. v. United States*, No. 16-744C, Complaint, Docket No. 1. The Court determined that "[s]ection 1342 directs HHS to establish the risk-corridors program and sets forth the amounts that HHS must receive and pay under the payment methodology subsection, but it does not obligate HHS to make annual payments or authorize the use of any appropriated funds." *Land of Lincoln*, 2016 WL 6651428, at *18. Accordingly, "HHS's interpretation of the ambiguous statute [is] reasonable." *Id.* at *19.

In *Land of Lincoln*, the plaintiff sought expedited consideration of its claims, and the Court ordered the United States to file an administrative record and the parties to file simultaneous dispositive motions. *See Land of Lincoln Mutual Health Insurance Co. v. United States*, No. 16-744C, Scheduling Order (Aug. 12, 2016), Docket No. 12. The United States filed an administrative record in accordance with the Scheduling Order, and the parties filed motions for judgment on the administrative record on the statutory and regulatory claim as directed. The United States also moved to dismiss for lack of jurisdiction and lack of a justiciable claim on the same grounds the United States seeks dismissal here. *Compare* Motion to Dismiss, at 13-21, *with Land of Lincoln Mutual Health Insurance Co. v. United States*, No. 16-744C, United States' Motion to Dismiss, at 14-22, Docket No. 22.[1]

The Court granted the United States' motion, entering judgment in favor of the United States on the statutory and regulatory claim and dismissing the remaining counts. While the Court agreed with the United States that it lacked jurisdiction to grant declaratory relief, *cf.* Motion to Dismiss, at 22-23, the Court concluded that it possessed jurisdiction over the statutory and regulatory claim and that the claim was ripe. *Land of Lincoln*, 2016 WL 6651428, at *9, *11. The Court reasoned that "the court's jurisdictional analysis differs depending on whether the plaintiff relies on a money-mandating statute," and a "presently due" claim is a jurisdictional requirement only when a plaintiff's claim is founded on a contract. 2016 WL 6651428, at *9. The United

---

[1] Because the statutory and regulatory claim presented a pure question of law, the United States noted that it was also entitled to judgment as a matter of law on that count. *Land of Lincoln Mutual Health Insurance Co. v. United States*, No. 16-744C, United States' Motion to Dismiss, at 22 n.7, Docket No. 22. The United States also moved to dismiss plaintiff's contracts and takings claims for failure to state a claim upon which relief could be granted, but noted that the administrative record did not address those claims and opposed judgment on the administrative record on those claims. *Id.*; *Land of Lincoln Mutual Health Insurance Co. v. United States*, No. 16-744C, United States' Opposition To Plaintiff's Cross-Motion For Judgment On The Administrative Record On Counts II-V, at 9-12, Docket No. 43.

2

States respectfully disagrees that such a distinction is warranted under either the text of the Tucker Act or Supreme Court precedent. The Court has jurisdiction over a claim founded on a statute or regulation only where "the source of substantive law can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 217 (1983). Without a breach of a presently owed obligation, there can be no injury and, by definition, no "damages sustained." *See Maryland Dep't of Human Res. v. Dep't of Health & Human Servs.*, 763 F.2d 1441, 1446 (D.C. Cir. 1985) ("The term 'money damages' . . . normally refers to a sum of money used as compensatory relief . . . for a suffered loss"). Moreover, the *Mitchell* test is a question of statutory interpretation, not a pleading standard. It is the court—not the plaintiff—that interprets the substantive law to determine whether the plaintiff has a money-mandating source of compensation. *Fisher*, 402 F.3d at 1173 ("If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall dismiss the cause for lack of jurisdiction."). Under *Chevron*, when interpreting an ambiguous statute, courts must defer to an agency's reasonable interpretation of that statute. Thus, if, under the agency's reasonable interpretation of the statute, no payments are presently due, then the statute is not "fairly interpreted as mandating compensation," and the court lacks jurisdiction.

Indeed, the Court in *Land of Lincoln* determined, as a merits question, that HHS's three-year payment framework is reasonable and entitled to deference. *Land of Lincoln*, 2016 WL 6651428, at *15-*18. Noting that Congress gave discretion to HHS in administering the risk corridors program, the Court determined that the three-year framework fills a gap in the statute left by Congress and reflects the agency's considered deliberation, including in notice and comment rulemaking. *Id.* at *17-*18. Moreover, HHS's three-year, budget neutral interpretation "reasonably reflects" (1) the Congressional Budget Office's scoring of the ACA in 2010, (2)

Congress's decision not to specifically appropriate funds for risk corridors payments, and (3) Congress's choice to omit from section 1342 the appropriation language used in the Medicare Part D statute. *Id.* at *18. As a result, the Court held that "[s]ection 1342 . . . does not obligate HHS to make annual payments or authorize the use of any appropriated funds." *Id.* The Court, therefore, granted the United States' motion for judgment on the statutory and regulatory claim.

While the Court's analysis of the three-year framework and section 1342 is undoubtedly correct and would support dismissal of the Complaint in this case under RCFC 12(b)(6), the Court's determination that no issuer is entitled to money damages under section 1342 is a jurisdictional determination. Because HHS's interpretation of section 1342 is reasonable, the statute *cannot* "fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Mitchell*, 463 U.S. 217. Accordingly, should the Court concur with the reasoning of *Land of Lincoln* and conclude that HHS's interpretation of section 1342 is reasonable, the Court should grant the United States' Motion to Dismiss.

Even if the Court agrees with *Land of Lincoln's* jurisdictional analysis, the case should still be dismissed because a determination that HHS is not required to make annual risk corridors payments in excess of appropriated amounts is dispositive of Health Republic's claims. *See Roberson v. United States*, 115 Fed. Cl. 234, 240-41 (2014) (Sweeney, J.) ("In its discretion, the court may convert defendant's motion into a RCFC 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted."); *see also* RCFC 54(c) ("Every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.").

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 29, 2016 | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General<br>Civil Division<br><br>RUTH A. HARVEY<br>Director<br>Commercial Litigation Branch<br><br>KIRK T. MANHARDT<br>Deputy Director<br><br>*/s/ Charles E. Canter*<br>CHARLES E. CANTER<br>TERRANCE A. MEBANE<br>SERENA M. ORLOFF<br>L. MISHA PREHEIM<br>U.S. Department of Justice<br>Phone: (202) 616-2236<br>Fax: (202) 307-0494<br>Charles.Canter@usdoj.gov<br><br>*Attorneys for the United States of America* |

## **CERTIFICATE OF SERVICE**

I certify that on November 29, 2016, a copy of the attached, Notice of Supplemental Authority, was served via the Court's CM/ECF system on Plaintiff's counsel, Stephen Andrew Swedlow.

*/s/ Charles E. Canter*
Charles E. Canter
U.S. Department of Justice