IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | No. 16-cv-259C <br><br> Filed: June 1, 2021 |

## ORDER

On April 13, 2021, the Dispute Subclass and the United States jointly moved the Court to separate Dispute Subclass member Freelancers Co-Op of New Jersey, Inc. ("Freelancers") into its own subclass (the "Freelancers Subclass") pursuant to Rule 23(c)(5) of the Rules of the United States Court of Federal Claims ("RCFC") and certify that the subclass meets the criteria set forth in RCFC 23(a) and (b). *See* Joint Mot. to Divide Dispute Subclass into Two Subclasses & Stip. for Entry of Partial J. at 1, ECF No. 120. Additionally, the parties request that the Court enter judgment in favor of the Freelancers Subclass according to their stipulation to entry of judgment. *Id.* at 4.

### The Joint Motion to Divide the Dispute Subclass

Following the Supreme Court's decision in *Maine Community Health Options v. United States*, 140 S. Ct. 1308 (2020), the court divided the class originally certified into three subclasses. *See* Order (Sweeney, J.), ECF No. 82. The court defined the Dispute Subclass, one of the three subclasses created at the time and the one to which Freelancers belongs, as follows:

> All approved class members offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2014 and 2015 benefit years, whose allowable costs in either the 2014 or 2015 benefit years, as calculated by the Centers

> for Medicare & Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act), and that dispute the amount due to the entity under Section 1342 of the Affordable Care Act, and/or dispute the government's right to offset debts against a judgment pursuant to Section 1342, and/or dispute the extent of any such offset.

*Id.* at 2.

Since the creation of the Dispute Subclass, Freelancers and the United States have resolved Freelancers' Section 1342 claim for risk corridors benefit years 2014 and 2015. ECF No. 120 at 3. They now request that judgment be entered in favor of Freelancers without delay and further ask that the Court create the Freelancers Subclass to effectuate the resolution of Freelancers' claim more expeditiously. *Id.* at 3–4. The parties define the proposed Freelancers Subclass as follows:

> All approved class members offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2014 and 2015 benefit years, whose allowable costs in either the 2014 or 2015 benefit years, as calculated by the Centers for Medicare & Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act), and who were previously members of the Dispute Subclass, but have since agreed to a resolution of their dispute with the government with respect to this litigation.

*Id.* at 4. Freelancers has agreed to serve as the class representative for the subclass. *Id.*

When appropriate, the Court may divide a class into subclasses under RCFC 23(c)(5), subject to a showing that the subclass meets the class certification requirements of numerosity, commonality, typicality, adequacy, and superiority as set forth in RCFC 23(a) and (b). *See Haggart v. United States*, 104 Fed. Cl. 484, 489 (2012) (citing Ann. Manual Complex Lit. § 21.23 (4th ed.)). The Court finds that dividing the Dispute Subclass as proposed is appropriate. Although the Freelancers Subclass consists of only one class member, "the nature of these proceedings and the rationale for the creation of the subclass[]" supports a finding that the Freelancers Subclass satisfies the requirements of RCFC 23(a) and (b). *See* ECF No. 82 at 3. Considerations of judicial economy likewise support this finding because separating Freelancers into its own subclass

2

provides the most efficient vehicle for resolving Freelancers' claim. *See id.* at 3–4 n.1 (citing *Haggart*, 104 Fed. Cl. at 489).

Consequently, the Court **GRANTS** the motion and certifies the Freelancers Subclass as defined above. The Court appoints Quinn Emanuel Urquhart & Sullivan, LLP, counsel for the original class and subclasses, as counsel for the Freelancers Subclass.[1]

### Stipulation to Entry of Judgment as to the Freelancers Subclass

The parties stipulate that the Freelancers Subclass is entitled to payment in the amount of $23,301,140.37 from the United States under the risk corridors program for the 2014 and 2015 benefit years and request that the Court enter judgment in favor of the Freelancers Subclass in accordance with that stipulation. ECF No. 120 at 4. Having determined pursuant to RCFC 54(b) that there is no just reason for delay, the Court directs the Clerk to enter final judgment in favor of the Freelancers Subclass in the amount of $23,301,140.37.

**SO ORDERED**.

Dated: June 1, 2021                                      */s/ Kathryn C. Davis*
                                                                         KATHRYN C. DAVIS
                                                                         Judge

---

[1] Although the motion did not address appointment of counsel for the subclass, the Court is required to appoint counsel pursuant to RCFC 23(c)(1)(B). *See* ECF No. 82 at 4 n.2 (citing *Haggart*, 104 Fed. Cl. at 491).